UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HENRY CLAYPOOL, ANDREW D. LEVY, and KELLY BUCKLAND,<br>*Plaintiffs*,<br>v.<br><br>BALTIMORE ORIOLES LIMITED PARTNERSHIP, BALTIMORE ORIOLES, INC., BALTIMORE ORIOLES PROPERTIES, LLC, and THE MARYLAND STADIUM AUTHORITY,<br>*Defendants*. | Case No.: **1:18-cv-03393-CCB**<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Defendants Baltimore Orioles Limited Partnership, Baltimore Orioles, Inc., and Baltimore Orioles Properties, LLC (collectively, the "Orioles Defendants"), through their undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, in answer to plaintiffs Henry Claypool's, Andrew D. Levy's, and Kelly Buckland's (collectively, the "Plaintiffs") Complaint, admit, deny, and allege as follows:

1. Orioles Defendants deny the allegations contained in paragraph 1 of the Complaint, except admit that Camden Yards is located in downtown Baltimore, is the home stadium of the Baltimore Orioles, and is considered to be one the best places in the country to watch a baseball game.

2. Orioles Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the Complaint.

5. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint.

7. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Orioles Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Orioles Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Orioles Defendants deny the allegations contained in paragraph 10 of the Complaint, except admit that Defendant Baltimore Orioles Properties, LLC is a limited liability company under the laws of the State of Maryland.

11. Orioles Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Orioles Defendants deny the allegations contained in paragraph 12 of the Complaint, and refer the parties and the Court to the cited website for the contents thereof.

13. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint.

14. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Orioles Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Orioles Defendants deny the allegations contained in paragraph 17 of the Complaint, but admit that the referenced lift has malfunctioned.

18. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint.

19. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint.

20. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Complaint.

21. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of the Complaint.

23. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of the Complaint.

24. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of the Complaint.

25. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 26 of the Complaint.

27. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of the Complaint.

28. In response to the allegations contained in paragraph 28 of the Complaint, Orioles Defendants incorporate by reference their responses to paragraphs 1 through 27 of the Complaint.

29. The allegations contained in paragraph 29 of the complaint call for a legal conclusion to which no response is required.

30. The allegations contained in paragraph 30 of the complaint call for a legal conclusion to which no response is required.

31. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 of the Complaint.

32. Orioles Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Orioles Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Orioles Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 35 of the Complaint.

36. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 36 of the Complaint.

37. Orioles Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. In response to the allegations contained in paragraph 38 of the Complaint, Orioles Defendants incorporate by reference their responses to paragraphs 1 through 37 of the Complaint.

39. The allegations contained in paragraph 39 of the complaint call for a legal conclusion to which no response is required.

40. The allegations contained in paragraph 40 of the complaint call for a legal conclusion to which no response is required.

41. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 41 of the Complaint.

42. Orioles Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Orioles Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Orioles Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 45 of the Complaint.

46. Orioles Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 46 of the Complaint.

47. In response to the allegations contained in paragraph 47 of the Complaint, Orioles Defendants incorporate by reference their responses to paragraphs 1 through 46 of the Complaint.

48. The allegations contained in paragraph 48 of the complaint call for a legal conclusion to which no response is required.

49. Orioles Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Orioles Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Orioles Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. In response to the allegations contained in paragraph 52 of the Complaint, Orioles Defendants incorporate by reference their responses to paragraphs 1 through 51 of the Complaint.

53. Orioles Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Orioles Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Orioles Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Orioles Defendants deny the allegations in the paragraphs following the heading "Prayer for Relief" in the Complaint and deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

(Removal of Architectural Barriers Was Not Readily Achievable)

Any allegedly wrongful acts or omissions performed by Orioles Defendants or their agents, if there were any, do not subject Orioles Defendants to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

**THIRD AFFIRMATIVE DEFENSE**

(Full Compliance Is Structurally Impracticable And / Or Technically Infeasible)

Any allegedly wrongful acts or omissions performed by Orioles Defendants or their agents, if there were any, do not subject Orioles Defendants to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable and/or technically infeasible.

**FOURTH AFFIRMATIVE DEFENSE**

(Fundamental Alteration and/or  Undue Burden))

Any allegedly wrongful acts or omissions performed by Orioles Defendants or their agents, if there were any, do not subject Orioles Defendants to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Orioles Defendants' services and/or impose an undue burden upon Orioles Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

(Equivalent Facilitation)

Any allegedly wrongful acts or omissions performed by Orioles Defendants or their agents, if there were any, do not subject Orioles Defendants to liability because Orioles Defendants provided equivalent facilitation with respect to the barriers alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

(Orioles Defendants Provided Services Via Alternative Methods)

Any allegedly wrongful acts or omissions performed by Orioles Defendants or their agents, if there were any, do not subject Orioles Defendants to liability because Orioles Defendants accommodated or were ready and willing to accommodate Plaintiffs' alleged disability by providing access via "alternative methods" other than the removal of alleged barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiffs overcome/deal with any of the barriers alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

(Effective Access)

The purported barriers provide effective access to Plaintiffs.  Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiffs because any alleged noncompliance was *de minimis*, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiffs were able to use and access the features.

**EIGHTH AFFIRMATIVE DEFENSE**

(Reasonable Modifications to Policies, Practices and Procedures)

Plaintiffs' claims are barred because Orioles Defendants made and/or were willing to make reasonable modifications to their policies, practices, and/or procedures to accommodate Plaintiffs' alleged disabilities, but Plaintiffs never sought or requested any such accommodations.

**NINTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiffs' claims are barred to the extent that they are based on visits to the subject facility beyond the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiffs lack standing to pursue their alleged claims.

## ELEVENTH AFFIRMATIVE DEFENSE

(Mootness)

Plaintiffs' claims are barred under the doctrine of mootness.

## TWELFTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.  The extent to which Plaintiffs' claims may be barred cannot be determined until Orioles Defendants have an opportunity to complete discovery.  Therefore, Orioles Defendants incorporate all such affirmative defenses as though fully set forth herein.  Orioles Defendants also reserve the right to assert all affirmative defenses made known to it through discovery.

## PRAYER

**WHEREFORE**, Orioles Defendants pray that this Court enter a judgment as follows:

1.  That the Complaint be dismissed with prejudice and that judgment be entered in favor of Orioles Defendants;

2.  That Plaintiffs take nothing by way of their Complaint;

3.  That Orioles Defendants be awarded their costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.  For such further and other relief as the Court may deem just and proper.

Dated:  November 8, 2018

          Respectfully submitted,

          Amber C. Thomson

           /s/ *Amber C. Thomson*
          _____
          Amber C. Thomson (Bar No. 20081)
          Sheppard Mullin Richter & Hampton, LLP
          2099 Pennsylvania Avenue, NW
          Washington, D.C. 20006

          Daniel Brown (Pro Hac Vice pending)
          Sheppard Mullin Richter & Hampton, LLP
          30 Rockefeller Plaza
          New York, NY 10112
          *Attorneys for Defendants Baltimore Orioles Limited Partnership, Baltimore Orioles, Inc., and Baltimore Orioles Properties, LLC*